UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES HUGHES,                )
                             )
            Plaintiff,       )
                             )
     vs.                     )     No. 4:05-CV-1832 (CEJ)
                             )
WELLPOINT,                   )
                             )
            Defendant.       )

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss the complaint, pursuant to Fed. R. Civ. P. 4(m) and 12(b)(4), (5) and (6). The defendant argues that the complaint should be dismissed because plaintiff failed to obtain timely service of process and because his claim is time-barred. Plaintiff, who proceeds *pro se*, has not responded and the time allowed for doing so has expired.

On October 11, 2005, plaintiff James Hughes filed a form complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq.*, alleging that his employer Wellpoint[1] denied him promotions on the basis of his race and gender and retaliated against him after he complained. In his complaint, plaintiff stated that he received a Notice of Right to Sue from the Equal Employment Opportunity Commission (EEOC) on July 18, 2005.

---

[1]Defendant states that Wellpoint, Inc., is the parent corporation for plaintiff's employer, Blue Cross Blue Shield of Missouri, which is the proper defendant.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

On March 9, 2006, the Court directed plaintiff to show cause why his complaint should not be dismissed for failure to effect service on the defendant within 120 days, as required by Rule 4(m), Fed.R.Civ.P.  Plaintiff filed a request for additional time.  The Court directed him to file proof of service no later than April 21, 2006, warning that failure to comply would result in dismissal without prejudice.  Plaintiff obtained an alias summons and service was accomplished on April 24, 2006.

A plaintiff is required to file a complaint in a Title VII action within ninety days of receiving a right-to-sue notice from the EEOC.  42 U.S.C. § 2000e-5(f)(1).  This ninety-day requirement is in the nature of a statute of limitations and thus is subject to tolling.  <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385, 393 (1982); <u>Hill v. John Chezik Imports</u>, 869 F.2d 1122, 1123-24 (8th Cir. 1989).  While filing a complaint tolls a statute of limitations, failure to complete service within 120 days as required by Rule 4(m) ends the tolling and the statute of limitations resumes.  <u>Amnay v. Del Labs</u>, 117 F. Supp. 2d 283, 287 (E.D.N.Y. 2000).  <u>See also</u> <u>McGregor v. United States</u>, 933 F.2d 156 (2nd Cir. 1991) (affirming dismissal of complaint as time-barred when service not achieved within 120 days); <u>Cooper v. Phoenix Health Systems, Inc.</u>, 2004 WL 943905 *1 (D. Md. Mar. 15, 2004) (Title VII complaint time-barred).

By the time plaintiff filed his complaint on October 11, 2005, eighty-five days of the ninety-day limitations period had elapsed.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The filing of the complaint tolled the ninety-day period. However, because plaintiff failed to complete service on defendant within the limit set by Rule 4(m), the limitations period resumed running 120 days later, on February 8, 2006, and expired five days later on February 13, 2006. Plaintiff did not accomplish service until April 24, 2006, and his Title VII action is thus time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#8] is **granted**.

A separate order of dismissal will be entered this same date.

---
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of June, 2006.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com